IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANET L. KIRBY,<br><br>               Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>               Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-272 CW BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(b) for a Report and Recommendation on all dispositive matters.[1] The case is before the Court on Plaintiff Janet Kirby's appeal from the final decision of the Commissioner of Social Security finding her not disabled, as set forth in the Administrative Law Judge's February 25, 2011decision.[2] The ALJ's decision was made final by the Appeals Council's decision denying Plaintiff's request for further review.[3] After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[4] For the reasons set forth below, the Court recommends the decision of the ALJ be AFFIRMED.

---

[1] Docket no. 11.
[2] Tr. 14-27. Tr. refers to the transcript of the administrative record in this matter.
[3] Tr. 1-5. Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).
[4] *See* Scheduling Order, docket no. 15 (noting that "[o]ral argument is not a necessary part of the review process").

# BACKGROUND[5]

Plaintiff alleges disability due to bipolar disorder, anxiety, back pain, right arm tendonitis and fibromyalgia.[6] She applied for benefits on July 7, 2009 claiming disability as of December 31, 2008. Ms. Kirby's claims were initially denied and on January 10, 2011 an ALJ held a hearing.[7] Plaintiff holds an associate's degree and last worked as a waitress in 2006.[8] Ms. Kirby was 51 at the time of the hearing and testified that she quit her last job when she injured her lower and upper back while working.[9] She further testified that she participated in household chores such as cooking, cleaning, doing laundry, gardening, and in carrying wood into the house for the wood burning stove.[10] Ms. Kirby is being treated for bipolar disorder and the medications she takes do make her sleepy although they do "help relieve a lot of anxiety and help relieve some of the pressure" in her neck and lower back.[11]

In addition to Ms. Kirby, a medical expert Ronald Houston Ph.D., and a vocational expert (VE) Terry Marshal-Gilfillan, also testified at the hearing. Dr. Houston testified that Ms. Kirby's mental health records indicated a history of rapid cycling bipolar disorder and implicated Listing 12.04 (affective disorder) and 12.06 (anxiety related disorder).[12] Dr. Houston opined, however, that Plaintiff's conditions did not meet either listing.[13] Dr. Houston also testified concerning Plaintiff's mental functioning in relation to the twenty point scale used in the Social Security regulations.[14]

---

[5] The parties fully set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in specific detail here. Rather, the Court notes those items that are pertinent to its decision.
[6] Tr. 184.
[7] Tr. 33-69.
[8] Tr. 185.
[9] Tr. 43-44.
[10] Tr. 53- 59.
[11] Tr. 51.
[12] Tr. 40-41.
[13] Tr. 41-42.
[14] Tr. 62-64.

The VE noted that Ms. Kirby's past work included that of a table server or waitress, and home attendant or home health aide. After being given a hypothetical by the ALJ that included *inter alia*, light work restrictions, the VE testified that Ms. Kirby could not perform her past work, however, there were a number of other light unskilled positions which would be available.[15] These included laundry aide, housekeeper cleaner, and office helper.[16] In response to Ms. Kirby's attorney further limiting her abilities to only lifting 10 to 15 pounds, the VE opined that there would be a reduction in positions but there would still be some available in the national economy.[17]

In her decision, the ALJ followed the five-step sequential process for evaluating disability claims as set forth in the regulations.[18] At step two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical spine post fusion, mild degenerative disc disease of the lumbar spine, mood disorder, and anxiety disorder.[19] None of these impairments, however, met or satisfied a listed impairment as set forth in the regulations.[20] The ALJ then concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations.[21] The ALJ further found that Plaintiff's RFC also contained mild mental limitations that affected her ability to understand, remember and carry out detailed instructions, to concentrate for extended periods, to make realistic goals, and to work in coordination with or in proximity to others.[22] Next, the ALJ evaluated Plaintiff's testimony and determined that based on the medical record there was "very little objective basis to support [her] very severe and extreme alleged functional limitations due to her physical and mental

---

[15] Tr. 64-65.
[16] Tr. 65-66.
[17] Tr. 67.
[18] 20 C.F.R. § 404.1520. Tr. 19-20
[19] Tr. 16-17.
[20] 20 C.F. R., part 404, subpart P. Tr. 21-23
[21] Tr. 18.
[22] Tr. 18-19.

impairments."[23] At step four the ALJ determined that Plaintiff could not perform her past relevant work as a table server and home attendant.[24] The ALJ then cited to the Medical-Vocational Rules as support for a finding that Ms. Kirby is not disabled. Finally, at step five the ALJ found that Plaintiff could perform other jobs in significant numbers in the national economy. These included office helper, laundry aide, and housekeeper cleaner.[25] Thus, the ALJ concluded Plaintiff was not disabled.

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the ALJ's factual findings and whether the correct legal standards were applied.[26] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[28] In reviewing the ALJ's decision the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[29] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[30] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[31] Further, the Court

---

[23] Tr. 20.
[24] Tr. 25.
[25] Tr. 26.
[26] See *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[27] *Id*. (citation omitted).
[28] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[29] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[30] *Lax*, 489 F.3d at 1084 (citation omitted).
[31] See *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[32]

## DISCUSSION

Ms. Kirby claims that she is unable to work because of her mental health impairments—bipolar and anxiety disorder. Ms. Kirby originally claimed she was also disabled because of back pain, right arm tendonitis and fibromyalgia. However, on appeal she challenges only the ALJ's finding regarding the limitations arising from her mental impairments.[33]

Ms. Kirby raises two arguments on appeal. First, the "ALJ's findings regarding her mental health impairment are unsupported by substantial evidence."[34] And second, the ALJ erred by "picking and choosing evidence to support her conclusion rather than basing her decision on the totality of the evidence."[35]

### I. The ALJ's Findings Regarding Plaintiff's Mental Health Impairments

Ms. Kirby asserts that despite significant evidence indicating she suffers from serious mental health issues, the ALJ found that her mental health evaluations had "always yielded normal or mild results."[36] In support Plaintiff cites to *Knipe v. Heckler*.[37]

In *Knipe* the Tenth Circuit held the ALJ's finding that the claimant did not meet Listing 4.04(D) was not supported by substantial evidence and determined the claimant was per se disabled.[38] The claimant represented that he was disabled due to *inter alia*, severe heart disease—having endured four heart attacks in the three years prior to the hearing before the

---

[32] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[33] Tr. 184; Pla. brief p. 5.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] 755 F.2d 141 (10th Cir. 1985).
[38] Under 4.04(D) a claimant is disabled if they have "[i]schemic heart disease with chest pain of cardiac origin as described in 4.00E. With ... Left ventricular ejection fraction of 30 percent or less measured at cardiac catheterization or by echocardiography."

5

ALJ.[39] The Tenth Circuit carefully reviewed Mr. Knipe's medical history and determined that his symptoms met or exceeded the impairments necessary to meet Listing 4.04(D). The court noted that the ALJ's findings concerning heart pain of a cardiac origin, a required impairment to meet listing 4.04(D), were not supported by substantial evidence in the record.

The Court finds this case readily distinguishable from *Knipe* because there is substantial evidence in the record to support the ALJ's conclusion. The ALJ explicitly analyzed the reports of both examining medical providers, A.L. Carlisle, Ph.D. and Elizabeth Allen, PhD. Dr. Carlisle opined that Ms. Kirby did not have any serious signs of schizophrenia and instead had rapid cycling bipolar disorder but could manage her own finances.[40] Dr. Allen diagnosed Ms. Kirby with bipolar disorder and a generalized anxiety disorder. Dr. Allen recommended that Plaintiff see a mental health therapist and that she be provided with assistance in vocational goals.[41]

Plaintiff points to the GAF scores given by Dr. Carlisle and Dr. Allen of 50 and 50 to 55 respectively, as support that she is disabled and "indicating serious symptoms and an inability to hold a job."[42] A review of the record, however, shows that neither of the doctors asserted that a GAF score of 50 indicated an inability to hold a job.[43] Moreover, GAF scores are a numerical representation of the severity of symptoms and an individual's functional level representing a snap shot in time. Although a GAF score may indicate certain problems, standing alone it "does not evidence an impairment seriously interfering with [a] claimant's ability to work."[44] And "[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not

---

[39] *Knipe*, 755 F.2d at 143.
[40] Tr. 21.
[41] Tr. 21.
[42] Pla brief p. 3.
[43] Tr. 296-300.
[44] *Lopez v. Barnhart*, 78 Fed.Appx. 675, 678 (10th Cir. 2003) (unpublished).

6

essential to the RFC's accuracy."[45] The Court therefore finds Plaintiff's heavy reliance on GAF scores as supporting her disability misplaced.

In addition, the ALJ weighed the evidence from Ann Prazza, LCSW, and found that her opinions were not supported by her own clinical notes and contradicted the opinion of the medical expert's testimony given during the hearing. During the hearing the medical expert Ronald Houston, Ph.D. concluded that based upon a review of the record, Plaintiff's impairments did not meet a listing. After considering the evidence, the ALJ found Dr. Houston's opinions supported by the record and discounted the opinions of Ms. Prazza refusing to accept them as controlling. Plaintiff is essentially asking this Court to reweigh the evidence and give it a different weight than that of the ALJ. The Court declines Ms. Kirby's invitation to do so.[46]

In short, the Court finds that there is substantial evidence to support the ALJ's findings regarding Ms. Kirby's mental health impairments.

## II.     The ALJ's Analysis of the Totality of the Evidence

Plaintiff's arguments concerning the ALJ's analysis of the totality of the evidence relate to the ALJ's failure to mention GAF scores and an assertion that the ALJ picked certain evidence while ignoring other evidence. As previously noted, a GAF score is unnecessary in determining an individual's RFC. Here, the Court finds that the ALJ's RFC appropriately accounted for Ms. Kirby's impairments. Further, as outlined above, the ALJ discussed the evidence in the record including opinion evidence from Ms. Kirby's mother, Shirley Peters.[47] The record does not support Plaintiff's assertion that the ALJ handpicked certain evidence. Rather it appears that

---

[45] *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).
[46] *Lax*, 489 F.3d at 1084 (stating that the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'" (quoting *Zoltanski*, 372 F.3d at 1200).
[47] Tr. 24.

7

once again Ms. Kirby is unhappy with the weight given to certain evidence and seeks to have it reweighed on appeal.

## RECOMMENDATION

The Court finds that the ALJ's decision is supported by substantial evidence in the record.  Therefore, based upon the foregoing, the undersigned HEREBY RECOMMENDS that the decision of the Commissioner be AFFIRMED.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy.  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

DATED this 2 December 2013.

_____
Brooke C. Wells
United States Magistrate Judge